10-3134-ag
Lin v. Holder

BIA
Morace, IJ
A089 252 827

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of August, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

_____

Jin Chun Lin,
> *Petitioner,*

v.                                           10-3134-ag
                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent.*

_____

FOR PETITIONER:        Farah Loftus, Century City, CA.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; Janice K. Redfern, Senior
                       Litigation Counsel, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Chun Lin, a native and citizen of China, seeks review of a July 19, 2010, order of the BIA affirming the October 14, 2008, decision of Immigration Judge ("IJ") Philip L. Morace denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Chun Lin*, No. A089 252 827 (B.I.A. July 19, 2010), *aff'g* No. A089 252 827 (Immig. Ct. N.Y. City Oct. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, such as this one, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and

inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the agency found that Lin was not credible based on inconsistencies between his testimony and his asylum application, long pauses in his testimony, and unresponsive answers. The record supports these findings. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (noting this Court's deference's to an IJ's findings regarding an asylum applicant's demeanor because the IJ has "the unique advantage . . . of having heard directly from the applicant" (internal citations and quotations omitted)). While Lin contends that these pauses and non-responsive answers were a result of a confusing line of questioning by the government attorney, the record indicates that the pauses and non-responsive answers continued throughout his testimony, not only as a response to the confusing questioning.

Having found Lin not credible, the agency reasonably expected him to rehabilitate his testimony by providing corroboration of his wife's alleged abortion or medical records supporting his claim that he was beaten by family planning officials. *See Biao Yang v. Gonzales*, 496 F.3d

268, 273 (2d Cir. 2007) (finding that once an asylum applicant's testimony has been called into question, an IJ can expect corroboration). Lin asserts in his brief that documentation of his wife's abortion was not available because the abortion was involuntary, but counsel's unsupported assertions in a brief do not constitute evidence, *see INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984), and Lin did not present this argument to either the IJ or the BIA on appeal.

Together, the problems the agency identified in Lin's testimony and his failure to provide sufficient corroboration provide substantial evidence for its adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because Lin's claims for asylum, withholding of removal, and CAT relief were all based on the same factual predicate, the agency's adverse credibility determination forecloses all relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

4

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk